UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE ESPINDOLA TRUJILLO and A.T., a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | No. 2:16-cv-02427-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Plaintiff Grace Espindola Trujillo ("Trujillo"), as Guardian ad Litem for her minor son, Plaintiff A.T. ("A.T."), alleges that Defendant Sacramento City Unified School District ("the District") discriminated and retaliated against her and A.T. for advocating on A.T.'s behalf to receive services to which he was entitled as a disabled child under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. The District responded to Plaintiffs' Complaint by filing two motions. First, it brought a Special Motion to Strike Plaintiffs' First and Fourth Causes of Action, which are brought under California's Unruh Act, California Code of Civil Procedure § 51, et seq., on grounds that those claims violated California Code of Civil Procedure § 425.16, the state's so called Anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute. By separate Memorandum and Order that Motion to

1

Strike was granted. Now before the Court is the District's second motion, which seeks to dismiss all four causes of action on grounds that they fail to state a viable claim under Federal Rule of Civil Procedure 12(b)(6). As set forth below, the District's Motion to Dismiss is also GRANTED.[1]

## BACKGROUND[2]

Plaintiff Trujillo claims that her son, A.T., sustained traumatic brain injury that apparently resulted from complications at the time of his birth. A.T. also suffers from cognitive delays and impulse control issues along with insomnia, for which he frequently requires sleeping medication in order to ensure adequate rest. According to Plaintiffs' Complaint, Trujillo serves as his advocate, care coordinator and caregiver, and also advocates for A.T. and other students with disabilities.

During the 2015-16 school year, A.T. attended the Sam Brannon Middle School, a school within the District. On September 29, 2015, Trujillo claims that when she brought her son to school, she notified front office staff that he had had a difficult night and might be drowsy from medication she had administered. Plaintiffs' Complaint, for its part, alleges that at approximately 11:28 a.m., after it was determined that A.T. needed to be sent home, a school staff member called Trujillo. She claims she could not take the call became she was driving home to participate in a meeting regarding services to be provided by the Alta Regional Center, a California state governmental entity responsible for facilitating A.T.'s assistance. The school called A.T.'s father ten minutes later, who told office staff that Trujillo would be picking up A.T. Trujillo did not arrive at school until approximately 1:10 p.m., more than an hour and a half after the school first called.

///

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

[2] Unless otherwise noted, this background section is drawn, at times verbatim, from the allegations contained in Plaintiffs' Complaint.

Trujillo claimed she reiterated to the office staff that A.T. had been given prescribed sleeping pills within doctor-approved guidelines.

At approximately 2:35 p.m., A.T.'s one-on-one instructional aide, Elisabeth Hardcastle,[3] made a complaint to CPS, allegedly on grounds that Trujillo had overmedicated her son and brought him to school while sick. Although Hardcastle was actually employed by Learning Solution Kids, Inc., as opposed to the District, Plaintiffs nonetheless claim that "[s]chool staff encouraged Ms. [Hardcastle] to file a complaint with CPS." Pls.' Compl., ¶ P. Moreover, according to the Complaint, Trujillo claims that she feared the resulting investigation would reduce her credibility as an advocate for children with special needs. Trujillo alleges that after the incident of September 29, 2015, both she and the school believed that a change in placement was appropriate. Between October 6, 2015 and November 9, 2015, due to disagreement between the school and Trujillo as to an adequate alternative, however, no agreed placement was in effect. On or about November 9, 2015, an agreement was ultimately reached.

In the meantime, Trujillo claims she received a letter from the District, dated October 22, 2015, stating that her child was truant. She thereafter allegedly received additional truancy letters on December 10, 2015 and January 14, 2016, respectively.

According to Trujillo, both the CPS referral and the truancy notices served to retaliate against her and her son because she had spoken at a District School Board Meeting on September 17, 2015, "criticizing corruption in the education system as evidenced by overly generous benefits packets." Compl., ¶ E. Trujillo further alleges that she had complained that Ms. Hardcastle was late to school on the morning of the September 29, 2015 incident, which also served as a basis for Defendant's retaliation.

///
///
///
///

---

[3] Hardcastle is erroneously referred to in Plaintiffs' Complaint as "Elizabeth Lancaster".

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

While the District moves to dismiss Plaintiffs' First and Fourth Causes of Action for failure to state a viable claim under Rule 12(b)(6), the District also specially moved to strike those same claims under California's anti-SLAPP statute as stated above. By the concurrently filed Memorandum and Order, the Court has already granted the Special Motion to Strike (ECF No. 12) and has stricken both causes of action in their entirety,

albeit with leave to amend. Having already disposed of the First and Fourth Causes of Action by way of the District's Special Motion to Strike, the Court need not also determine whether they are also subject to dismissal under Rule 12(b)(6) and declines to do so. That leaves at issue Plaintiffs' remaining two claims, the Second Cause of Action, for retaliation, and the Third Cause of Action, which alleges a violation of 42 U.S.C. § 1983. The Court will address the viability of both causes of action below.

### A. Retaliation

As to her Second Cause of Action, Plaintiff Trujillo alleges she was retaliated against for engaging in protected activities and seeks redress under provisions designed to prevent such retaliation under both the Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act").

As the District points out, it has long been established that both the Title II of the ADA and the Rehabilitation Act are interpreted and analyzed similarly. See Zukle v. Regents of University of California, 166 F.3d 1041, 1046 n.11 (9th Cir. 1999) ("There is no significant difference in analysis with the rights and obligations created by the ADA and the Rehabilitation Act"); 42 U.S.C. 12133 ("The remedies, procedure and rights set forth in [the Rehabilitation Act] shall be the remedies, procedures, and rights [applicable to ADA claims."). Absent evidence of direct discrimination, a retaliation claim must be analyzed "under the McDonnell-Douglas burden-shifting test used to evaluate Title VII retaliation claims." Alex G. v. Board of Trustees of Davis Joint Union School District, 387 F. Supp. 2d 1119, 1127-1128 (E.D. Cal. 2005). To establish a prima facie case under that test, Trujillo "must show that: (1) [she] engaged in a protected activity; (2) the defendants knew [she was] involved in the protected activity; (3) an adverse action was taken against [her]; and (4) a causal connection exists between the protected activity and the adverse action." Id. at 1128.

As to the first requirement that she engaged in protected activity, Trujillo claims that she did so by "publicly speaking at a school board meeting" on A.T.'s behalf.

///

Compl., ¶ 12.[5] Trujillo further appears to allege that her complaint about Hardcastle being late on September 29, 2015 was a protected activity given her role as A.T.'s advocate.

With respect to her appearance before the school board, by way of further actual explication, Trujillo states only that on or about September 17, 2015, she spoke at a meeting "criticizing corruption in the education system as evidenced by overly generous benefits packets."  Compl, ¶ F.  That contention has nothing to do with advocacy on A.T.'s behalf which Trujillo claims is a protected activity.  Moreover, while Plaintiffs attach a link to a video of the board meeting in question, that video also appears to evidence no advocacy on behalf of disability rights in general or on behalf of A.T.'s disability in particular.

The Complaint as it presently stands thus fails to adequately substantiate that Trujillo engaged in any advocacy for disability rights which, in turn, could trigger protection from retaliation under either the ADA or the Rehabilitation Act.   In addition, even if Plaintiffs had shown a protected activity, they have not alleged knowledge by anyone involved in the retaliation alleged in the Second Cause of Action (filing a false CPS report) sufficient to infer any causal connection between the alleged protected activity and the subsequent retaliation. All Plaintiffs say is that the District was aware that she had spoken at the school board meeting, which is obvious.  While Plaintiffs also assert that "other defendants" were aware that she had done so (id. at ¶ 13), she says nothing about how those defendants were aware or even who they were.  As it presently stands, Trujillo's retaliation claim amounts to no more than conclusory statements that fail to substantiate any viable claim.  As such, it must be dismissed, without prejudice, for failure to state a prima facie cause of action.   Twombly, 550 U.S. at 555.

///

---

[5] While the Second Cause of Action also suggests that Trujillo was retaliated against for complaining that A.T.'s one-on-one aide, Ms. Hardcastle, was late on the subject morning of September 29, 2015, neither Hardcastle nor her employer, Learning Kids Solutions, Inc., are currently named as Defendants, and there is no suggestion that the District, as opposed to Hardcastle or Learning Kids, took any retaliatory action against Trujillo for complaining that Hardcastle was late that morning.

7

**B.  42 U.S.C. § 1983**

Section 1983 allows a private cause of action against a "person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory" subjects that person to "deprivation of any rights privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; <u>Devereaux v. Abbey</u>, 263 F.3d 1070, 1074 (9th Cir. 2001).  As the District correctly points out, it is well established that "a State is not a person within the meaning of § 1983."  See <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 64 (1989).  With respect to municipalities and other local governmental units, the Supreme Court has determined that those entities are considered "persons" to whom § 1983 applies.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690 (1978).  That holding is however, "limited to local government units which are not considered part of the State for Eleventh Amendment purposes."  <u>Id.</u> at 690, n. 54.

The Ninth Circuit has recognized that California school districts like the District here are deemed an agent of the state for Eleventh Amendment purposes, and accordingly are entitled to the same immunity accorded the State from liability under § 1983.  <u>Belanger v. Madera Unified School Dist.</u>, 963 F.2d 248, 254 (9th Cir. 1992).  Accordingly, the District cannot be deemed a "person" within the meaning of § 1983, and the Third Cause of Action which alleges violations of § 1983 against the District, necessarily fails.

///
///
///
///
///
///
///
///

**CONCLUSION**

For all of the foregoing reasons, the District's Motion to Dismiss (ECF No. 13) is GRANTED. Although Plaintiffs will be accorded leave to amend the Second Cause of Action, for retaliation, no leave to amend will be permitted as to the Third Cause of Action, for violations of 42 U.S.C. § 1983, because the Court does not believe that the deficiencies of that claim can be rectified through amendment. To the extent that Plaintiffs choose to file an amended complaint, they must do so not later than twenty (20) days after the date this Memorandum and Order is electronically filed. If no amended complaint is timely filed, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: March 17, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE